**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prescott Equities Holdings Limited Partnership, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>JPMorgan Chase Bank, et al.,<br><br>        Defendants. | No. 04-CV-1462-PHX-FJM<br><br>**ORDER** |

    The court has before it defendants' Motion for Award of Attorneys' Fees and Related Non-Taxable Expenses (doc. 58), defendants' Memorandum in Support (doc. 70), plaintiffs' Response (doc. 73), and defendants' Reply (doc. 75).

    Defendants request an award of $92,995 of attorneys' fees pursuant to A.R.S. § 12-341.01(A), which provides that "[i]n any contested action arising out of a contract, . . . the court may award the successful party reasonable attorney fees."  Six factors should be considered in determining whether a fee award is appropriate: (1) whether the unsuccessful party's claim or defense was meritorious; (2) whether the litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result; (3) whether assessing fees against the unsuccessful party would cause an extreme hardship; (4) whether the successful party prevailed with respect to all relief sought; (5) whether the legal question presented was novel and

1  whether the claim or defense has previously been adjudicated in this jurisdiction; and (6)
2  whether the award would discourage other parties with tenable claims or defenses from
3  litigating or defending legitimate contract issues for fear of incurring liability for
4  substantial amounts of attorney's fees.  Associated Indem. Corp. v. Warner, 143 Ariz.
5  567, 570, 694 P.2d 1181, 1184 (1985).

6        We award attorneys' fees to defendants.  Defendants prevailed on all claims
7  under the plain language of the contract.  Order at 6-8.  (doc. 55).  Although
8  plaintiffs argue that their claims have merit because "the Addendum was
9  reasonably susceptible to Plaintiff's interpretation," Response at 3, we already
10 stated that "[i]n no event is it reasonable to [so] interpret the clause."  Order at 6.
11 (doc. 55).  Plaintiffs do not argue that the assessment of fees would cause them
12 extreme hardship.  Furthermore, this award will not discourage other parties from
13 litigating their tenable contract claims.  Had this been a non-commercial
14 (household) loan, this would have been a different case.[1]

15       Defendants' fee request is, however, excessive.  Defendants request $3,520
16 for 16.8 attorney hours "in connection with the briefing of the attorneys fees
17 issue."  Memorandum at 6; Memorandum, Exhibit 4 at 3.  Defendants request an
18 additional $4,965 for 23.5 attorney hours for "finalizing the original fee
19 application, studying plaintiffs' response to that fee application, and preparing
20 defendants' reply."  Reply, Exhibit 5 at 1-2.  We think it unreasonable to spend
21 23.5 hours on the fee application after the memorandum was drafted.

22       Plaintiffs argue that defendants' request is also excessive because
23 defendants billed 141 more hours than plaintiffs and defendants billed more time
24 working with one expert than plaintiffs did working with four experts.  Response
25 at 6-7.  Defendants argue that they reasonably expended more hours than plaintiffs

---

[1] We considered the limited settlement efforts by both sides, Memorandum, Exhibits 6, 7, 10, and the lack of novelty of the contract issues, but neither factor was relevant to our decision to award attorneys' fees.

1  because plaintiffs had more familiarity with the underlying transaction, plaintiffs
2  had greater access to the documentation, and defendants analyzed the case more
3  broadly than plaintiffs.  <u>Reply</u> at 6-7.  Standing alone, this evidence is insufficient
4  to show that defendants' fee request is unreasonable, but when combined with
5  defendants' excessive expenditure of time to prepare the reply to their fee request,
6  we conclude that defendants may have billed an unreasonable number of hours
7  over the course of the litigation.  Nevertheless, an award of fees under § 12-
8  341.01(A) is made to mitigate the expense of litigation and need not equal or relate
9  to the fees actually paid or contracted.  A.R.S. § 12-341.01(B).  We think it fair to
10 shift about 2/3 of the fees billed to plaintiffs.

11       Plaintiffs also argue that defendants cannot recover for the hours that their
12 attorneys consulted with an expert witness because the expert's testimony had no
13 bearing on the outcome of the litigation.  <u>Response</u> at 6.  Plaintiffs' argument fails
14 because plaintiffs do not argue that it was unreasonable for the defendants to
15 consult the expert, and the consultation does not become unreasonable merely
16 because expert testimony is mooted by an underlying legal issue.

17       Accordingly, **IT IS ORDERED GRANTING** defendants' Motion for
18 Award of Attorneys' Fees and Related Non-Taxable Expenses in the amount of
19 $61,376.00 (doc. 58).

20       DATED this 28th day of November, 2005.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge